## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BESSIE B. HERNANDEZ, ET AL | CIVIL ACTION |
| VERSUS | NO. 14-2168 |
| DEREK GREEN, ET AL | SECTION: C(2) |

### ORDER AND REASONS

Before the Court are the Rule 12(c) motion to dismiss and the Rule 56 motion for partial summary judgment of defendants Derek Green, Kevin McGuffie, and John Heck of the Jefferson Parish Sheriff's Office, and Sheriff Newell Normand both as an individual and in his official capacity as sheriff (collectively "defendants"). *See* Rec. Doc. 24. Plaintiffs Bessie B. Hernandez and Luis A. Hernandez, Sr., suing individually and on behalf of their two minor children, as well as plaintiff Mercedes Dorila Hernandez (collectively "plaintiffs") oppose the motions. *See* Rec. Docs. 1 & 36. The motions are before the Court on the briefs, without oral argument. Rec. Doc. 29. For the following reasons, the Court PARTIALLY GRANTS AND PARTIALLY DENIES defendants' Rule 12(c) motion and DENIES defendants' Rule 56 motion.

### I. Background

The following is a summary of the factual allegations contained in plaintiffs' complaint. *See generally* Rec. Doc. 1 at 24–35. On the morning of December 5, 2013, Deputy Green and Deputy McGuffie were directed to drive to plaintiffs' house and execute a misdemeanor arrest warrant for "Bessie *J.* Hernandez" at the home of "Bessie *B.* Hernandez"—who was not the actual target of the arrest warrant and otherwise was a law-abiding citizen. *See* Rec. Doc. 1 at 24–25 (emphasis added). Green and McGuffie parked their squad car such that it was not visible from plaintiffs' house. *See id.* Hearing a knock on her door, plaintiff Bessie B. Hernandez (alternatively "Mrs. Hernandez") cracked her door open and addressed the two men. *See id.*

1

Without identifying themselves, one of the deputies asked "Is your name Hernandez?" *Id.* Mrs. Hernandez responded "Yes, I am Bessie Hernandez. May I help you?" at which point Deputy Green grabbed Mrs. Hernandez and handcuffed her right wrist while exclaiming "I got you!" *See id.* 25–27.

Frightened, Mrs. Hernandez resisted and attempted to shut the door, at which point Deputy Green forced his way into Mr. and Mrs. Hernandez' home. *See id.* at 26. Mrs. Hernandez, fearing that she was being kidnapped and that the two men intended to inflict harm on her and her family, attempted to grab on to a column near the door and yelled for her husband, Luis (alternatively "Mr. Hernandez"). *See id.* At this point, both deputies began to physically and verbally attack Mrs. Hernandez, grabbing her by the hair, pounding her head and face against the column, and cursing at her. *See id.* Mr. Hernandez then emerged from the bedroom and yelled for the two deputies to let go of his wife and stop hitting her. *See id.* Deputy McGuffie responding by drawing his gun and yelling "Freeze you son of a b---h or I will shoot you! Keep your f-----g ass back or we will arrest you too!" *See id.* at 26–27.

After hearing the noise of the gun being cocked, Mrs. Hernandez ceased resisting the two deputies. *See id.* at 27. Mrs. Hernandez was taken by the two deputies from her home, wearing only a nightgown. *See id.* While taking her out, Deputy Green twisted her right arm and intentionally tripped her such that she hit the sidewalk face first. *See id.* at 27–28. Now on the ground, Deputy Green drove his knee into Mrs. Hernandez' back, pushing her face into the concrete and wrenching her arms in order to fully handcuff her. *See id.* at 28. The deputies ordered her to get up, to which she responded she could not, so the deputies pulled her up by her hair and dragged her to the deputies' car. *See id.*

At this time, Mrs. Hernandez' daughter, Mercedes Hernandez, arrived and witnessed the deputies throw her mother towards the deputies' car such that Mrs. Hernandez' head slammed into the door jamb of the car and she again fell to the ground. *See id.* The deputies then picked Mrs. Hernandez up and threw her into the car. *See* id. Mercedes Hernandez asked Deputy Green what was happening to her mother to which Green responded "Back the f--k up or I will arrest your ass!" *See id.* at 28–29. Responding to Mercedes Hernandez' declaration that she had a right to be on her parents' property and ask questions about her mother, Deputy Green asked Mercedes Hernandez to identify herself. *See id.* at 29. After doing so, Mercedes Hernandez again asked what was happening to her mother and whether the deputies had a warrant, to which Deputy Green responded "I don't need no f-----g warrant!" *See id.* Mercedes Hernandez attempted to take photographs, but was told by Deputy Green that she would be arrested if she did. *See id.* Green then ordered Mercedes Hernandez to get her mother's driver's license. *See id.* Plaintiff Luis Hernandez emerged from the house with the license.

Deputy Green then joined Deputy McGuffie in the front of the deputies' car at which point they began asking Mrs. Hernandez for her social security number and name. *See id.* at 30. After entering her information in the car's computer and asking clarifying questions, the deputies realized that the warrant was not for Mrs. Hernandez and began to curse and accuse each other of making the mistake. *See id.* at 31. The deputies did not immediately release Mrs. Hernandez from the handcuffs, nor did they apologize to her, but rather waited for their supervisor, Sergeant John Heck, to arrive. *See id.* Upon arriving and conferring with Deputy Green, Sergeant Heck ordered that Green uncuff Mrs. Hernandez and apologize. *See id.* at 32. Green uncuffed Mrs. Hernandez, but left her in the deputies' car. *See id.* As Mrs. Hernandez banged on the inside of the car and pleaded to be let out, Deputy Green told her to shut up and sit still. *See id.*

3

After some time, Mrs. Hernandez was released from the car and apologized to all present waited for an ambulance to arrive. *See id.* at 33. The EMT team "primarily interacted" with the deputies and sergeant before concluding Mrs. Hernandez was fine and only needed to apply ice. *See id.* After the ambulance left, however, Mercedes Hernandez took her mother to the emergency room, where Mrs. Hernandez received additional medical care and was informed she had multiple contusions to her "head, right knee, foot, right elbow and back; as well as, generalized body scratches." *See id.* at 33–34. While not entirely clear, it appears Mrs. Hernandez also suffered a number of fractured teeth. *See id.* at 21.

Mrs. Hernandez still suffers physically and emotionally from the incident. *See id.* at 34. According to the complaint, Mrs. Hernandez' two minor children arrived home from school that day and suffered psychological and emotional damage from seeing their mother injured and the family distraught. *See id.*

Plaintiffs' complaint alleges that defendants, individually and in combination, violated 28 U.S.C. § 1983 by unconstitutionally using excessive force, conducting an unlawful and bad faith arrest of Mrs. Hernandez, and for failing to have the policies and deputy training necessary to avoid incidents such as the one that occurred on December 5, 2013. *See id.* at 35–44. While a little unclear, the complaint also appears to state that the defendants' also violated 28 U.S.C. § 1983 by depriving Mr. Hernandez and Mercedes Hernandez of their own constitutional rights. *See id.* Plaintiffs also raise due process claims and allege a conspiracy to violate their right to equal protection under 42 U.S.C. §§ 1985 and 1986. *See id.* Plaintiffs additionally raise a varierty of state law claims. *See id.*

Defendants now move for partial Rule 12 (c) dismissal or, alternatively, Rule 56 summary judgment on six grounds. *See* Rec. Doc. 24. First, that Mr. Hernandez, Mercedes

4

Hernandez, and the Hernandez' minor children cannot obtain relief under federal law for injuries suffered by Mrs. Hernandez. *See* Rec. Doc. 24 at 1–2. Second, that no plaintiff has a viable claim under the Fifth, Eighth, and Fourteenth Amendment. Instead, the plaintiffs may only seek relief for violations of their Fourth Amendment rights. *See id.* at 2. Third, that Mercedes Hernandez cannot state a claim for violations of her Fourth Amendment rights because she has failed to plead that she was seized. *See id.* Fourth, Mr. Hernandez, Mercedes Hernandez, and the Hernandez' two minor children cannot support state law claims for intentional infliction of emotional distress under Louisiana Civil Code Article 2315.6. *See id.* Fifth, that plaintiffs cannot state a 42 U.S.C. § 1985 conspiracy claim, because the complaint does not allege racial animus and all the defendants in this case constitute a single legal entity. *See id.* Sixth and finally, that plaintiffs have also failed to allege facts sufficient to support a plausible claim under 42 U.S.C. § 1986. *See id.* Defendants do not address the Fourth Amendment claims of Mr. or Mrs. Hernandez. *See* Rec. Doc. 24-1 at 2 n.1 and 10 n.10. While stating that Mr. and Mrs. Hernandez' two minor children do not assert federal claims and conceding that the complaint does not support a § 1985 and § 1986 claim, plaintiffs dispute all of defendants' other asserted grounds for dismissal. *See* Rec. Doc. 36 at 4–5, 7–8.

Defendants' motion is accompanied by an eight-paragraph statement of uncontested material facts, which contains at least one notable discrepancy from the alleged facts in plaintiffs' complaint. *See* Rec. Doc. 24-2.[1] Specifically, it states that Mrs. Hernandez identified herself as Bessie *J.* Hernandez in the moments following her answering the door. *Compare id.* at 1*, with* Rec. Doc. 1 at 25. The statement of uncontested facts also contains a number of vague factual statements, including that "Mrs. Bessie Hernandez violently resisted the Defendants" and

---

[1] Defendants' motion contains an "Exhibit" containing a police report from an apparently unrelated matter. *See* Rec. Doc. 24-4. The Court was unable to glean any relevant value from the police report and accordingly has disregarded it for the purposes of this Order and Reasons.

that the deputies "used force to overcome Bessie Hernandez's resistance and subdue her to further their investigation." *See id.* It also states that "Mercedes Hernandez did not come upon the scene until after Bessie Hernandez had been detained." *See id.* at 2. The plaintiffs' statement of contested facts contends that the citations in defendant's statement of uncontested facts either mischaracterize the complaint or introduce new and unsupported evidence. *See* Rec. Doc. 36-1. Furthermore, plaintiffs have requested that the Court grant it leave to amend its pleadings to the extent the Court finds that the complaint does not sufficiently support any of plaintiffs' claims. *See* Rec. Doc. 36 at 1 n.1.

## II.    Standard of Review

*A. Judgment on the Pleadings*

Rule 12(c) allows the moving party to seek disposition of a case where the material facts of the case are not in dispute and it is possible for a court to render judgment on the merits based on the substance of the pleadings and pertinent judicially noticed facts. *See Great Plains Trust Co. V. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). A court uses the same standard of review for motions under Rule 12(c) as it does for Rule 12(b)(6) motions. *See Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). Accordingly, a defendant's Rule 12(c) motion should be granted when the complaint does not state a viable claim for relief. *See Great Plains*, 313 F.3d at 312. The complaint must be plausible on its face. *See Doe*, 528 F.3d at 418 (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 570 (2007)). A court construes the pleadings liberally and accepts all well pleaded facts as true. *See id.* at 312–13. A court disregards conclusory allegations and unwarranted deductions of fact. *See id.* at 313.

*B. Summary Judgment*

Summary judgment is appropriate when the record before a court supports the conclusion that there is no "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56. A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *See id.* at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *see also Anderson*, 477 U.S. at 249–50. In ruling on a summary judgment motion, however, a court may not resolve credibility issues or weigh evidence. *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Furthermore, a court must assess the evidence and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Daniels v. City of Arlington, Texas*, 246 F.3d 500, 502 (5th Cir. 2001).

## III.   Discussion

*A. The Federal Claims of Luis Hernandez, Mercedes Hernandez, and the Hernandez' Two Minor Children.*

Defendants contend that Mr. Hernandez, Mercedes Hernandez, and the Hernandez' two minor children cannot recover for the alleged deprivation of Mrs. Hernandez' rights. *See* Rec. Doc. 24-1 at 8–9. Plaintiffs counter that defendants have misconstrued the complaint and that

7

only Mrs. Hernandez seeks relief under federal law for the violation of her constitutional rights. *See* Rec. Doc. 36 at 4–5. Specifically, plaintiffs contend that Mr. Hernandez and Mercedes Hernandez seek relief under § 1983 for violation of their own individual constitutional rights and that plaintiffs do not bring any federal claims on behalf of the Hernandez' minor children. *See id.*

While the complaint is at times vague as to which plaintiff seeks what form of relief for the various alleged misconduct of defendants, the Court concludes that the complaint adequately outlines the federal law claims of Mrs. Hernandez, Mr. Hernandez, and Mercedes Hernandez for violations of their own individual constitutional rights. *See* Rec. Doc. 1 at 35–36. The factual allegations in the complaint make it clear enough that Mr. Hernandez and Mercedes Hernandez claim to have had their own individual rights violated by defendants under the color of state law. The complaint alleges that Deputy McGuffie pointed his gun at Mr. Hernandez in an effort to keep Mr. Hernandez from assisting his screaming wife in their home. *See* Rec. Doc. 1 at 26–27. The complaint further alleges that Deputy Green threatened to arrest Mercedes Hernandez if she took photographs of her mother's arrest. This is sufficient for present purposes.

*B. Plaintiffs Fifth, Eighth, and Fourteenth Amendment Claims*

Defendants next argue that all of the plaintiffs "have failed to plead a cause of action . . . under the Fifth, Eighth, and Fourteenth Amendments." *See* Rec. Doc. 24-1 at 10. This is because the conduct of the defendants in question regards unlawful detention and excessive force, which can only be analyzed under the Fourth Amendment. To support this proposition, defendant makes cursory citation to *Graham v. Connor*, 490 U.S. 386, 395 (1989) and *U.S. v. Cortez*, 449 U.S. 411 (1981).

Defendants' brief overlooks an entire body of Fifth Circuit law regarding Fourth Amendment, Eighth Amendment, and due process standards and analysis following the Supreme

Court's decision in *Graham. See, e.g.*, *Petta v. Rivera*, 143 F.3d 895, 901 (5th Cir. 1998) (per curiam); *see also Kitchen v. Dallas County, Tex.*, 759 F.3d 468, 479 (5th Cir. 2014) ("our decisions have demonstrated a tendency to "blur" the lines between Fourteenth Amendment and either Fourth or Eighth Amendment excessive force standards, depending upon the particular factual context" (internal quotation omitted)); *see also Hernandez v. U.S.*, 757 F.3d 249, 268 (5th Cir. 2014) ("we have recognized that an excessive-force claim may by asserted as a violation of due process").

Here, defendants leave unaddressed pertinent Fourth Amendment analysis as to Mrs. and Mr. Hernandez and apparently argue that Mercedes Hernandez has no grounds for a § 1983 claim whatsoever.  The Court finds the constitutional claims are adequately pled for present purposes.

*C. Mercedes Hernandez' Fourth Amendment*

Defendants argue next that Mercedes Hernandez cannot support a Fourth Amendment claim. *See* Rec. Doc. 24-1 at 11–13. Mercedes Hernandez alleges that, after seeing Deputy Green throw her mother against the deputies' car, Deputy Green refused to identify himself, cursed while stating he did not need a warrant to arrest Mrs. Hernandez, then threatened to arrest Mercedes Hernandez if she took a photograph of the unfolding events while standing on her parents' property. *See* Rec. Doc. 1 at 29. In light of the *Petta* line of cases discussed in Section II.B above, the undeveloped factual record, and the piecemeal nature by which defendants seek to address the plaintiffs' claims, the Court is not persuaded that dismissal or summary judgment as to Mercedes Hernandez' Fourth Amendment claim is warranted at this time.

*D. Emotional Distress Claims of Bystanders Under Article 2315.6 of Louisiana Civil Code*

Defendants next argue that Mr. Hernandez, Mercedes Hernandez, and the Hernandez'
two minor children cannot recover for emotional distress suffered by a bystander under Article
2315.6 of the Louisiana Civil Code, because the harm alleged is not sufficiently severe and the
alleged misconduct is not sufficiently outrageous or foreseeable. *See* Rec. Doc. 24-1 at 14–15,
19–20. Furthermore, defendants argue that Mercedes Hernandez and the two minor children are
further barred from recovery under Article 2315.6, because they did not view or soon after come
upon the scene of Mrs. Hernandez' alleged injury. *See id.* at 15–19.

With respect to the insufficient harm and misconduct arguments of defendants, the Court
finds it inappropriate to dismiss or issue summary judgment at this point in the litigation. The
Court is not persuaded that Louisiana law is settled as to the pleaded facts in this case. Defendant
makes only generalized reference to legal standards under Louisiana law without providing
thorough reasoning as to how those standards apply to the facts of this case. *See* Rec. Doc. 24-1
at 14–15, 19-20. The Court concludes that, for purposes of surviving a motion to dismiss, the
complaint pleads plausible grounds for concluding the plaintiffs did suffer sufficient emotional
harm and that the defendants' misconduct was sufficiently outrageous. Neither dismissal nor
summary judgment is inappropriate at this time.

Turning to defendants' other grounds for dismissing some of the Article 2315.6 claims,
the Court rejects the argument that Mercedes Hernandez has failed to plead that she viewed Mrs.
Hernandez' injury or arrived soon after, but accepts the argument as to the two minor children.
To state a claim under Article 2315.6, there must be an allegation that the plaintiff viewed "an
event causing injury to another person" or came "upon the scene of the event soon thereafter."
La. Civ. Code Ann. art. 2315.6 (2014); s*ee also Craighead v. Preferred Risk Mut. Ins. Co.*,
33,731 (La. App. 2 Cir. 8/25/00); 769 So.2d 112. Furthermore, the plaintiff witnessing the events

or arriving soon thereafter must have been contemporaneously aware that it was the events that caused harm to the direct victim. *See Trahan v. McManus*, 97-1224 (La. 3/2/99); 728 So.2d 1273, 1279.

Here, the complaint makes clear that Mercedes Hernandez witnessed Deputy Green throw her mother against the deputies' car so that Mrs. Hernandez' forehead slammed against the door jamb and she fell to the ground. *See* Rec. Doc. 1 at 28. The Court concludes that the complaint sufficiently pleads a temporal connection for the purposes of Article 2315.6.

The Court, however, agrees with defendants that the complaint does not plead a sufficient temporal connection as to the Hernandez' two minor children. The complaint states that the children saw their mother after she returned from the hospital and after the children returned from school. *See* Rec. Doc. 1 at 34. That allegation does not sufficiently support the conclusion that the minor children viewed the injury, came upon the scene soon after Mrs. Hernandez' alleged harms, or had any awareness of how their mother suffered her alleged injuries. As such, the Court is persuaded that dismissal of the minors' Article 2315.6 claim is warranted; however, will dismiss the claims without prejudice and afford the plaintiffs the opportunity to amend their complaint, if appropriate.

*E. Claims under § 1985 and § 1986*

As to plaintiffs' claims under 42 U.S.C. § 1985 and 42 U.S.C. § 1986, plaintiffs concede that the complaint fails to clearly allege racial animus and ask for the opportunity to amend the claims. *See* Rec. Doc. 36 at 7–8.

**IV.    Conclusion**

11

Although the Complaint may be unnecessarily lengthy, the Court will grant defendants partial relief only as to the Article 2315.6 claims of the Hernandez' minor children, and otherwise finds partial dismissal or summary judgment inappropriate at this time.

Accordingly,

IT IS HEREBY ORDERED that defendant's Rule 12(c) motion is PARTIALLY GRANTED as to the plaintiffs' Article 2315.6 claims of the minor children and PARTIALLY DENIED as to all other claims. Rec. Doc. 24.

IT IS FURTHER ORDERED that defendant's Rule 56 motion for partial summary judgment is DENIED. Rec. Doc. 24.

IT IS FURTHER ORDERED that the plaintiffs are GRANTED LEAVE to amend the complaint by November 30, 2015, in order to cure any deficiency regarding claims under 42 U.S.C. § 1985 and § 1986 and to otherwise clarify the claims made in accordance with this ruling.

New Orleans, Louisiana, this 16th day of November, 2015.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**