UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


BESSIE HERNANDEZ, ET AL.                    CIVIL ACTION

VERSUS                                       NO: 14-2168

DEREK GREEN, ET AL.                          SECTION: "J" (2)

**ORDER AND REASONS**

Before the Court is a *Motion to Strike Plaintiffs' Expert Witnesses Pursuant to Fed. R. Civ. P. 16, 37 and 26 or, Alternatively, In Limine to Exclude Expert Testimony* **(R. Doc. 90)** filed by Defendants, Derek Green, Kevin McGuffie, and John Heck, Deputies of the Jefferson Parish Sheriff's Office, and Newell Normand, individually and in his official capacity as Sheriff of Jefferson Parish ("Defendants"), and an opposition thereto (R. Doc. 100) filed by Plaintiffs, Bessie Hernandez, Luis Hernandez, and Mercedes Hernandez ("Plaintiffs").  Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED in part and DENIED in part**.

**FACTS AND PROCEDURAL BACKGROUND**

This case centers around allegations that certain Jefferson Parish Sheriff's deputies mistakenly arrested Plaintiff Bessie

Hernandez, using excessive force in the process.[1]  (R. Doc. 1, at

22,  24.)    Plaintiffs  sued  Defendants,  individually  and

collectively, for violations of several federal laws, including 42

U.S.C. § 1983.  (R. Doc. 39, at 4.)  Plaintiffs also bring due

process claims and allege a conspiracy to violate their right to

equal protection under 42 U.S.C. §§ 1985 and 1986, and bring

various state law claims.  *Id.*

        The procedural history relevant to the instant *Motion to*

*Strike Plaintiffs' Expert Witnesses* **(R. Doc. 90)** is as follows:

Plaintiffs filed suit on September 19, 2014.  (R. Doc. 1.)  Since

then, the trial date has been continued three times *see* (R. Docs.

19, 37, 69), and the Court has issued four separate scheduling

orders *see* (R. Docs. 15, 20, 38, 73).  The current scheduling order

(R. Doc. 73) provides several deadlines.  Of particular pertinence

here, the scheduling order requires the written reports of experts,

as defined by Federal Rule of Civil Procedure 26(a)(2)(B), who may

be witnesses for Plaintiffs to be obtained and delivered to counsel

for Defendants as soon as possible, but in no event later than

October 5, 2016.  *Id.*  The scheduling order also instructs counsel

for all parties to serve upon their opponents a list of all

witnesses who may be called to testify at trial by not later than

November 4, 2016.  *Id.*

---

[1] For a detailed factual background, see Judge Berrigan's Order and Reasons
Partially Granting and Partially Denying Defendants' Rule 12(c) Motion and
Denying Defendants' Rule 56 Motion (R. Doc. 39, at 1-6).

Plaintiffs did not deliver any written expert reports to Defendants by October 5, 2016.  Instead, on October 31, 2016, Plaintiffs moved the Court to continue the trial, and the Court denied the motion to continue.  (R. Doc. 77.)  On November 4, 2016, Plaintiffs filed their first witness and exhibit list (R. Doc. 78) which included the following entries:

> 12. The expert treating physician Sharon Kirkpatrick, LCSW;
> 13. The expert treating physician Kimberly Meng, DDS;
> 14. The expert treating physician Fernando Sanchez, MD;
> 15. The expert treating physician F. Allen Johnston, M.D.;
> 16. The expert treating physician Zhora Zhoravich Oganisyan, M.D.;
> 17. The expert treating physician R. Douglas Bostick, III, M.D.
> 18. The expert treating physician Brian Dehart, M.D.

(R. Doc. 78, at 1-2 (line breaks added).)  On November 8, 2016, Plaintiffs filed a first amended witness and exhibit list, but this amended witness and exhibit list still referred to six of the seven[2] above-mentioned potential witnesses using the prefix "expert treating physician."  (R. Doc. 81, at 2.)  Defendants report that they have not received any expert reports from any of these individuals.  (R. Doc. 90-1, at 6.)

Plaintiffs report that on November 18, 2016, they provided Defendants with the expert reports of Sharon Kirkpatrick, Kimberly

---

[2] For a reason unknown to the Court, the "expert treating physician" prefix describing Zhora Zhoravich Oganisyan is only present in the original witness and exhibit list.  In both the first amended witness and exhibit list (R. Doc. 81, at 3) and the second amended witness and exhibit list (R. Doc. 91, at 3), the prefix is not used to refer to Oganisyan.

Meng, and Lee Dresselhaus.[3]  *See* (R. Doc. 100-1, at 1.) Although Kirkpatrick and Meng were identified on the first and the first amended witness and exhibit lists, the name of Lee Dresselhaus was listed on neither the first nor the first amended witness and exhibit lists.  (R. Doc. 90-1, at 6.)  Plaintiffs assert that Dresselhaus is an expert on police investigations, operations, and procedures.  (R. Doc. 100, at 1.)

On November 29, 2016, Defendants filed the instant *Motion to Strike Plaintiffs' Expert Witnesses*, noting that Dresselhaus was not listed as a potential witness on either Plaintiffs' first or first amended witness and exhibit lists.  *See* (R. Doc. 90-1, at 6.)  The next day, Plaintiffs filed a second amended witness and exhibit list which includes the name of "Lee Dreslhaus," and which does not identify Dresselhaus as an expert.  (R. Doc. 91, at 4.)

## PARTIES' ARGUMENTS

Defendants argue that Plaintiffs' expert witnesses should be precluded from testifying because Plaintiffs failed to comply with deadlines set out in the Court's scheduling order for providing expert reports.  Defendants also argue that the expert testimony of Dresselhaus should be precluded because Plaintiffs failed to even mention Dresselhaus in their first and first amended witness and exhibit lists.  Defendants argue that they would be "manifestly

---

[3] As noted above, Defendants report only having received the expert report of Dresselhaus.  (R. Doc. 90-1, at 6.)

prejudiced" if Plaintiffs were allowed to present the testimony of these expert witnesses because Defendants based their litigation strategy partly on the fact that Plaintiffs had not retained experts.

Plaintiffs first argue that the "expert treating physicians" Sharon Kirkpatrick, Kimberly Meng, Fernando Sanchez, Allen Johnston, R. Douglas Bostick III, Brian Dehart, and Zhora Zhoravich Oganisyan are Plaintiff Bessie Hernandez's treating physicians, and therefore they are not required to produce expert reports. Additionally, Plaintiffs argue that the late production of Dresselhaus' expert report is both justified and harmless. Plaintiffs argue that they could not meet the Court's deadlines for producing Dresselhaus' report because Defendants withheld information necessary for the report. Thus, Plaintiffs argue that they should not be precluded from introducing Dresselhaus' expert testimony.

## <u>DISCUSSION</u>

Federal Rule of Civil Procedure 26(a)(2) provides clear direction for the disclosure of expert testimony. It states:

**(A)** *In General*. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

**(B)** *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--

> prepared and signed by the witness--if the witness is
> one retained or specially employed to provide expert
> testimony in the case or one whose duties as the
> party's employee regularly involve giving expert
> testimony. . . .

Fed. R. Civ. P. 26(a)(2).  Rule 26 also provides a general deadline

for disclosing this expert testimony:

> **(D)**  *Time to Disclose Expert Testimony*. A party must
> make these disclosures at the times and in the
> sequence that the court orders. Absent a stipulation
> or a court order, the disclosures must be made:
>
> **(i)** at least 90 days before the date set for trial or
> for the case to be ready for trial; or
> **(ii)** if the evidence is intended solely to contradict
> or rebut evidence on the same subject matter
> identified by another party under Rule 26(a)(2)(B) or
> (C), within 30 days after the other party's
> disclosure.

Fed. R. Civ. P. 26(a)(2)(D).

However, Rule 16 explicitly permits the District Court to

issue a scheduling order modifying the timing of disclosures under

Rule 26(a).  Fed. R. Civ. P. 16(b)(3)(B)(i).  Here, the Court set

Plaintiffs' deadline for submitting expert reports for October 5,

2016.  There is no dispute that Plaintiffs, by failing to produce

Defendants with any expert reports until November 18, 2016, failed

to comply with the Court's deadline.

The Court "may issue any just orders" if a party or its

attorney fails to obey a scheduling order.  *See* Fed. R. Civ. P.

16(f)(1)(C).  These orders may include any of the sanctions listed

in  Rule  37(b)(2)(A)(ii)-(vii),  including  the  ability  to

"prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(A)(ii); *see also* Fed. R. Civ. P. 16(f)(1) (permitting the Court to issue orders authorized by Rule 37(b)(A)(ii)-(vii)). Defendants move the Court to strike the expert opinion testimony or evidence of the potential witnesses identified as experts by Plaintiffs, and it is within the Court's power to do so. The Court will analyze the potential testimony of Dresselhaus separately from other potential witnesses because Plaintiff avers that all witnesses other than Dresselhaus are treating physicians of Bessie Hernandez.

**Lee Dresselhaus**

As described above, Dresselhaus was not listed on Plaintiffs' first witness and exhibit list, nor on their first amended witness and exhibit list. Only when Plaintiffs filed their second amended witness and exhibit list did the name "Lee Dreslhaus" first appear. This was more than three weeks after the deadline for disclosing all potential witnesses, and after Defendants filed their motion to strike his testimony. Additionally, Plaintiffs failed to provide Defendants with Dresselhaus' expert report until November 18, 2016, a full six weeks after the deadline. Plaintiffs argue that this delay was justified and harmless, but the Court is not persuaded.

Plaintiffs argue that Dresselhaus was unable to produce an expert report because Defendants refused to provide documents that were necessary to the report.  In support of this position, Plaintiffs point to a motion they filed on December 6, 2016 to compel production of certain documents.  (R. Doc. 96.)  Without this information, Plaintiffs argue, Dresselhause could not provide an accurate expert report.  This explanation is not satisfactory for a multitude of reasons.  First, Plaintiffs have not yet explained why they failed to list Dresselhaus on their first or first amended witness and exhibit lists.  Second, a motion to compel filed December 6, 2016 (two months after the expert report deadline) is far too late to justify such a delay in producing the expert report.  Finally, the magistrate judge denied Plaintiffs' motion to compel, finding nothing deficient about Defendants' responses to Plaintiffs' requests for production.  (R. Doc. 101.) There is no justifiable excuse for Plaintiffs' failure to comply with the Court's scheduling order, and Dresselhaus is stricken as an expert in this matter.

**Treating Physicians**

Courts in the Eastern District of Louisiana and other district courts within the Fifth Circuit recognize that "written reports are not required for treating physicians whose testimony and opinions derive from information learned during actual treatment of the patient, rather than from subsequent evaluation as a

specially retained expert."[4]   *McIntyre v. Housing Auth. of New Orleans*, 14-1641, 2015 WL 5083503, at *4 (E.D. La. Aug. 27, 2015) (citing *Gray v. Vastar Offshore, Inc.*, 04-1162, 2005 WL 399396, at *1 (E.D. La. Feb. 14, 2005)).   In their opposition to Defendants' *Motion to Strike Expert Witnesses*, Plaintiffs clarify that Sharon Kirkpatrick, Kimberly Meng, Fernando Sanchez, Allen Johnston, R. Douglas Bostick, Brian Dehart, and Zhora Oganisyan are Bessie Hernandez's treating physicians. (R. Doc. 100, at 1; R. Doc. 100-1, at 1, 3.)   Thus, Plaintiffs argue that no expert report was due from any of the treating physicians and that they were properly identified on the witness and exhibit lists.

It is not immediately clear to the Court why Plaintiffs used the prefix "expert" before identifying the aforementioned witnesses.   However, these potential witnesses can testify as treating physicians so long as they limit their testimony to information learned during actual treatment of Bessie Hernandez. *See McIntyre*, 2015 WL 5083503, at *4.

---

[4] The Advisory Committee Notes accompanying the 1993 amendments to Rule 26(a)(2)(C) state:

> The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report. By local rule, order, or written stipulation, the requirement of a written report may be waived for particular experts or imposed upon additional persons who will provide opinions under Rule 702.

Plaintiffs also assert that they sent Defendants the expert reports of Sharon Kirkpatrick and Kimberly Meng on November 18, 2016, the same day they sent the expert report of Dresselhaus. Plaintiffs do not clarify whether they intend to call Kirkpatrick and Meng as experts or as treating physicians.   However, Kirkpatrick and Meng may testify as treating physicians.[5]

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' *Motion to Strike Plaintiffs' Expert Witness Pursuant to Fed. R. Civ. P. 16, 37 and 26 or, Alternatively, In Limine to Exclude Expert Testimony* **(R. Doc. 90)** is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that Lee Dresselhaus is precluded from testifying as an expert witness at trial.

**IT IS FURTHER ORDERED** that Sharon Kirkpatrick, Kimberly Meng, Fernando Sanchez, Allen Johnston, R. Douglas Bostick, Brian Dehart, and Zhora Oganisyan may testify as treating physicians at trial.

New Orleans, Louisiana this 9th day of January, 2017.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[5] Defendants do not argue that Kirkpatrick and Meng fail to qualify as physicians, even though Plaintiffs identify Kirkpatrick as an LCSW and Meng as a DDS.